Alex Farzan (SBN 312771)
**THE LAW OFFICE OF ALEX FARZAN**
10866 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
(424) 325-3112
Alex@Farzanlaw.com

Attorneys for Plaintiffs,
Levi Sap Nei Thang Victims Association, Cherry Sui Oil & Gas LLC, Ban Bawilyan, Cin Sian Pau, Shalom Crude LLC, Yin Min Thant. Coral Zaw LLC, Zaw Lwin, Naing Naing, Shayam & Njoi Gas LLC, YaLu Bu, Miram Dahum. Shwe Di Peng, Myint ZuThin David, Daunan Lashi, Wunpawng LLC, Gum San Dashi, Tun Tun, Absolom Aye Ko Ko, Kyaw Htay, US Oil Fields Enterprises, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI SAP NEI THANG VICTIMS ASSOCIATION, an Unincorporated Association, CHERRY SUI OIL & GAS LLC, a Limited Liability Corporation, BAN BAWILYAN, an individual, CIN SIAN PAU, an individual, SHALOM CRUDE LLC, a Limited Liability Corporation,  YIN MIN THANT, an individual, CORAL ZAW LLC, a Limited Liability Corporation, ZAW LWIN, an individual, NAING NAING, an individual, SHAYAM & BIJOL GAS LLC, a Limited Liability Corporation, YALU BU, an INDIVIDUAL, MIRAM DAHUM, AN INDIVIDUAL, SHWE DI PENG, an individual, DAUNAN LASHI, an individual, MYINT ZUTHIN DAVID, an individual, WUNPAWNG LLC, a Limited Liability Corporation, GUM SAN DASHI, an individual, TUN TUN, an individual, ABSOLOM AYE KO KO, an individual, KYAW HTAY, an individual, US OIL FIELDS ENTERPRISES, LLC, a limited Liability Corporation, HIU THANG, an individual, <br><br> Plaintiffs, | Case No.: <br><br> **PLAINTIFFS' COMPLAINT FOR:** <br><br> 1. **INTENTIONAL MISREPRESENTATION** <br> 2. **NEGLIGENT MISREPRESENTATION** <br> 3. **BREACH OF IMPLIED, ORAL, AND WRITTEN CONTRACT** <br> 4. **18 U.S.C. §§ 1962(a), (c), (d)** <br><br> [*Demand for Jury Trial*] |

*(left margin, rotated text):* THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

1

vs.

2

LEVI SAP NEI THANG, an Individual;
LEVI SAP NEI THANG LLC, a
California Limited Liability Company;
LEVI SAP NEI THANG, LLC, a New
Mexico Limited Liability Company; I AM
A DREAMER LLC, a Missouri Limited
Liability Company; LEVI SAP NEI
THANG LLC, a Wyoming Limited
Liability Company; LEVI SAP NEI
THANG HOLDING COMPANY, LLC, a
Wyoming Limited Liability Company;
CHARLES MANGLIAN SUN THANG,
an individual; and DOES 1 through 25,
inclusive,

3

4

5

6

7

8

9

10

11

Defendants.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

PLAINTIFFS' COMPLAINT

**INTRODUCTION**

1.      The matters herein arise out of a collective series of incidents in which Defendants wrongfully, and unlawfully, perpetuate a fraudulent scheme on the Burmese immigrant community. Namely, the scheme begins whereupon Defendants falsely represent that certain plots of land are highly valuable and suitable for oil development purposes to an unsuspecting individual. For purposes of this scheme, Defendants target the Burmese community, a closely-knit population that commonly shares resources with one another. After infiltrating the trust of unsuspecting individuals, many of whom are limited in the English language and desperate to realize the "American Dream," Defendants sell plots of land with no significant value, in the false promise that the land is ready for commercial oil use. In furtherance of this scheme, Defendants falsely promise aid and assistance to the victims in setting up an oil company and oil extraction operations, among other such false assurances. After selling these plots of land, which have none of the falsely promised commercial value, Defendants move onto their next victim. As a direct and proximate result of such unlawful acts, Plaintiffs have collectively incurred nearly $600,000 of losses in "investing" into the fraudulent scheme for worthless plots of land.

**THE PARTIES**

2.      Collectively, Plaintiffs are individuals that have no experience in oil and gas exploration, development, or transactions. Plaintiffs are part of the larger Burmese community in the United States whereby they were taken advantage of, and misled, primarily under the guise of Defendant LEVI SAP NEI THANG's notoriety within the community. Namely, Defendant LEVI SAP NEI THANG is a well-known Burmese figure and used that notoriety and trust to bolster and defraud the Defendants' scheme.

3.      Plaintiff Ban Bawilyan is an individual residing in Bedford, Texas. Plaintiff Ban Bawilyan, and Plaintiff's Corporation, Cherry Sui Oil & Gas LLC, have been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $82,000.00.

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd. Suite 400
Los Angeles, CA 90024

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

4.      Plaintiff Ban Bawilyan is a Sushi Chef with no prior experience in land investment, development and/or oil and gas exploration. Plaintiffs Ban Bawilyan and Cherry Sui Oil & Gas LLC were induced by Defendants' fraudulent scheme to purchase Lease VC 0799000 and Lease VC 0780000 in the State of New Mexico.

5.      Plaintiff Zaw Lwin is an individual residing in Tuscan, Arizona. Plaintiff Zaw Lwin and Plaintiff's Corporation, Coral Zaw, LLC, have been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $58,559.20.Plaintiff Zaw Lwin is a Sushi Chef with no prior experience in land investment, development and/or oil and gas exploration. Plaintiffs Zaw Lwin and Coral Zaw, LLC were induced by Defendants' fraudulent scheme to purchase Lease 20-00234, Lease 20-00235, and Lease 20-00236 in the State of Wyoming.

6.      Plaintiff Kyaw Htay is an individual residing in Los Angeles, California. Plaintiff Kywa Htay and Plaintiff's Corporation, US Oil Fields Enterprises, LLC, have been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $20,000.00. He was induced by Defendants' fraudulent scheme to purchase Lease VC0798 in the State of Wyoming.

7.      Plaintiff Miram Dahum is an individual residing in San Diego CA. Plaintiff Miram Dahum has been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $52,800.00. Plaintiff Miram Dahum is a Sushi Chef with no prior experience in land investment, development and/or oil and gas exploration. Plaintiff was induced by Defendants' fraudulent scheme to purchase Lease 20-00212 and Lease 20-00213 in the State of Wyoming.

8.      Plaintiff Cin Sian Pau is an individual residing in Portland, Oregon. Plaintiff Cin Sian Pau has been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $51,904.52. Plaintiff Cin Sian Pau is a Sushi Chef with no prior experience in land investment, development and/or oil and gas exploration. Plaintiff

PLAINTIFFS' COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

was induced by Defendants' fraudulent scheme to purchase Lease 20-00233 in the State of Wyoming.

9.      Plaintiff Naing Naing is an individual residing in SeaTac, WA. Plaintiff Naing Naing has been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $51,419.00. Plaintiff Naing Naing is a maintenance technician with no prior experience in land investment, development and/or oil and gas exploration. Plaintiff was induced by Defendants' fraudulent scheme to purchase Lease 20-00155 in the State of Wyoming.

10.     Plaintiff Shwe Di Peng is an individual residing in Nashville, TN. Plaintiff Shwe Di Peng has been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $48,600.40. Plaintiff has no prior experience in land investment, development and/or oil and gas exploration. Plaintiff was fraudulently induced by Defendants' scheme to purchase Lease 20-00271 in the State of Wyoming.

11.     Plaintiff Myint ZuThin David is an individual residing in Lexington, VA. Plaintiff Mvint ZuThin David has been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $40,000.00. Plaintiff Myint ZuThin David is a merchant with no prior experience in land investment, development and/or oil and gas exploration. Plaintiff was induced by Defendants' fraudulent scheme to purchase Lease NVM099643 in the State of Nevada.

12.     Plaintiff Yin Min Thant is an individual residing in San Jose, CA. Plaintiff Yin Min Thant, and Plaintiff's Corporation, Shalom Crude LLC, have been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $30,500.00. Plaintiff Yin Min Thant is a laborer with no prior experience in land investment, development and/or oil and gas exploration. Plaintiff was induced by Defendants' fraudulent scheme to purchase Lease 141456 in the State of New Mexico.

13.     Plaintiff YaLu Bu is an individual residing in Dort Worth, TX. Plaintiff YaLu Bu, and his corporation Shayam & Njoi Gas LLC, have been defrauded by Defendants into

PLAINTIFFS' COMPLAINT

purchasing property and/or operations in an approximate amount of $30,000.00. Plaintiff YaLu Bu had no prior experience in oil and gas exploration and/or development. Plaintiffs YaLu Bu and Shayam & Njoi Gas LLC were fraudulently induced by Defendants to purchase Lease VC08010000 in the State of New Mexico.

14.    Plaintiff Daunan Lashi is an individual residing in Wausau, WI. Plaintiff Daunan Lashi has been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $30,000.00.  Plaintiff Daunan Lashi is a Sushi Chef with no prior experience in land investment, development and/or oil and gas exploration. Plaintiff was induced by Defendants' fraudulent scheme to purchase Lease NM 141457 in the State of New Mexico.

15.    Plaintiff Gum San Dashi is an individual residing in Fort Worth, TX. Plaintiff Gum San Dashi, and Plaintiff's Corporation Wunpawng LLC, have been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $30,000.00. Plaintiff Gum San Dashi is a pastor with no prior experience in land investment, development and/or oil and gas exploration. Plaintiffs Gum San Dashi and Wunpawng LLC were fraudulently defrauded by Defendants in purchasing Lease NM14226 in the State of New Mexico.

16.    Plaintiff Absolom Aye Ko Ko is an individual residing in Battle Creek, MI. Plaintiff Absolom Aye Ko Ko has been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $15,000.00. Plaintiff Absolom Aye Ko Ko is a Factory Operator with no prior experience in land investment, development and/or oil and gas exploration. Plaintiff was induced by Defendants' fraudulent scheme to purchase Lease NDM 111948 in the State of North Dakota.

17.    Plaintiff Hlu Thang is an individual residing in Kansas City, KS. Plaintiff Hlu Thang has been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $12,848.38. Plaintiff, with no prior experience in land

PLAINTIFFS' COMPLAINT

development, was fraudulently induced into purchasing Lot 20-00163 in the State of Wyoming.

18.     Plaintiff Tun Tun is an individual residing in Newbern, NC. Plaintiff Tun Tun has been defrauded by Defendants into purchasing property and/or operations in an approximate amount of $12,000.00. Plaintiff is a school facility support supervisor with no prior experience in land development. Plaintiff was fraudulently induced into purchasing Lease NDM 11934 in the State of North Dakota.

19.     Collectively, Plaintiffs' have paid to, and thereby lost, an approximate $565,631.50 worth of funds to Defendants' fraudulent scheme.

20.     Defendant Levi Sap Nei Thang, an Individual, is an individual that regularly conducts business in Los Angeles County.

21.     Defendant LEVI SAP NEI THANG LLC, a California Limited Liability Company, is a limited liability company duly organized under the laws of California that regularly conducts business in Los Angeles County

22.     Defendant Levi Sap Nei Thang, LLC, a New Mexico Limited Liability Company, is a limited liability company that regularly conducts business in Los Angeles County.

23.     Defendant I AM A DREAMER LLC, a Missouri Limited Liability Company, is a limited liability company that regularly conducts business in Los Angeles County.

24.     Defendant LEVI SAP NEI THANG LLC, a Wyoming Limited Liability Company, is a limited liability company that regularly conducts business in Los Angeles County.

25.     Defendant LEVI SAP NEI THANG HOLDING COMPANY, LLC, a Wyoming Limited Liability Company, is a limited liability company that regularly conducts business in Los Angeles County.

26.     Collectively, all Defendants will be referred to as "Defendants."

27.     A unity of interest and ownership exists between the Defendants such that the separate personalities of the corporation no longer exists and that if the acts are treated as those of the corporation alone, it would sanction a fraud or promote injustice to uphold the corporate entity.

28.     Namely, these corporate entities are formed for the purposes of furthering Defendants' collective fraudulent scheme as alleged herein.

29.     Alternatively, alter ego liability between the Defendants is premised upon the notion that when a corporation is used by an individual or individuals, or by another corporation, to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, a court may disregard the corporate entity and treat the acts as if they were done by the individuals themselves.

30.     Plaintiffs are informed and believe that the entity Defendants are a mere shell and sham without capital assets, stock or stockholders.

31.     Plaintiffs are informed and believe that the entity Defendants are used by Defendants as a device to avoid individual liability and for the purpose of substituting a financially insolvent corporation for their use in transactions.

32.     Plaintiffs are informed and believe that the entity Defendants have never issued stock or applied for a permit for issuance of stock with the Commissioner of Corporations or the Commissioner of Business Oversight.

33.     Plaintiffs are informed and believe that the entity Defendants were so inadequately capitalized that its capitalization was illusory or trifling.

34.     Plaintiffs are informed and believe that the entity Defendants had assets which were used by Individual Defendant(s) for their personal use, caused assets to be transferred, and withdrew funds from corporate bank accounts for personal use.

35.     The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants sued herein as DOES 1 to 25, inclusive, are currently unknown to Plaintiffs, who therefore sued Defendants by such fictitious names.  Plaintiffs allege that

THE LAW OFFICE OF ALEX FARZAN
10868 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

PLAINTIFFS' COMPLAINT

each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Namely, in conducting their operations, Defendants operate under fraudulent schemes, alter egos, and/or multiple identities, all of which are not currently known to Plaintiffs.

36.     Plaintiffs are informed and believe and upon such information and belief allege that at all times herein mention, Defendants, and each of them, were the agents, servants, employees, alter egos, co-conspirators, and/or partners of their said co-defendants and, as such, were acting within the course and scope of such agency, service, employment, alter ego, conspiracy, and/or partnership and at all times herein mentioned; that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection, hiring, supervising, training, and retaining of each and every other Defendant, as its agent, servant, employee, alter ego, co-conspirator, partner, and/or joint venturer.

## JURISDICTION AND VENUE

37.     Jurisdiction in this Court is proper as the claims in this dispute arise under federal law and create a question of federal dispute. Such jurisdiction is proper under 18 U.S.C. § 1962 as Defendants have violated Federal RICO statutes, as alleged below.

38.     Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

39.     Defendants represented that they were experienced oil and gas developers/producers and had valuable oil and gas leases for sale.

40.     Defendants represented that that they would provide geological surveys for certain oil and gas properties.

41.     Defendants further represented that they would assist Plaintiffs with starting an oil and gas company and would help them drill wells at a reduced cost compared to the market rates.

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

PLAINTIFFS' COMPLAINT

42.     Defendants represented that the leases that were to be sold to Plaintiffs would produce between 3,000 and 4,000 barrels of oil per day and that is what other properties nearby were producing.

43.     Plaintiffs made it clear to the Defendants that they knew nothing about oil and gas production and would be relying heavily upon Defendants' assistance. As enumerated above, each Plaintiff in this action works in fields wholly unrelated to land development and/or oil and gas exploration.

44.     Based on the aforementioned, Plaintiffs entered into Assignment Agreements purportedly acquiring the mineral and oil rights to various "valuable oil and gas leases." Collectively, Plaintiffs paid Defendants approximately $565,631.50 for the mineral and oil rights to various "valuable oil and gas leases."

45.     Unbeknownst to Plaintiffs, the Defendants were not oil and gas developers and producers and had no experience in the oil and gas business. In fact, the Defendants had zero experience in oil and gas development or production.

46.     In addition, Plaintiffs are informed and believe that Defendants intentionally prey on naive investors by selling them drilling leases at inflated prices after falsely billing them as great investments on social media.

47.     Defendants are able to conduct their fraudulent scheme by infiltrating the trust of the closely-knit Burmese community within the United States. Namely, Defendant LEVI SAP NEI THANG is a prominent figure within the Burmese community. Using her notoriety, Defendants were able to enter into groups of Burmese communities across the United States, and pose as "one of their own" trying to help the community gain knowledge.

48.     Attached to this Complaint is a copy of the Purchase and Sale Agreement entered into between Plaintiff Cin Sian Pau and Defendants. All Plaintiffs entered into an agreement mirroring the terms of the Purchase and Sale Agreement attached hereto, with only slight adjustments reflecting the property location and/or size.

PLAINTIFFS' COMPLAINT

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

49.    As Defendants purchased the properties from the US government, Defendants used the aforementioned misrepresentations to induce Plaintiffs to reasonably rely on increased prices and purchase the properties from Defendants. Namely, Defendants immediately re-sold the properties purchased from the US Government with profits ranging from 50% to 1200% with no added value and/or changes to the property, but for the misrepresented facts. Thereby, Defendants' fraudulent scheme is immediately apparent.

50.    Defendants additionally posted numerous religious and spiritual videos on social media, targeted at the Burmese Community, to further induce trust in their fraudulent schemes.

## **FIRST CAUSE OF ACTION**

### **INTENTIONAL MISREPRESENTATION**

### **(By All Plaintiffs Against all Defendants)**

51.    Plaintiffs re-incorporate by reference and re-allege the preceding paragraphs, as though fully stated herein.

52.    Defendants represented that they were experienced oil and gas developers/producers and had valuable oil and gas leases for sale.

53.    Defendants represented that that they would provide geological surveys for certain oil and gas properties.

54.    Defendants further represented that they would assist Plaintiffs with starting an oil and gas company and would help them drill wells at a reduced cost compared to the market rates.

55.    Defendants represented that the leases that were to be sold to Plaintiffs would produce between 3,000 and 4,000 barrels of oil per day and that is what other properties nearby were producing.

56.    Plaintiffs reasonably relied on these representations in entering into the Assignment Agreements purportedly acquiring the mineral and oil rights to various

PLAINTIFFS' COMPLAINT

"valuable oil and gas leases." Collectively, Plaintiffs paid Defendants $565,631.50 for the mineral and oil rights to various "valuable oil and gas leases."

57.     Defendants knew or should have known the representations were not true. Plaintiffs are informed and believe Defendants spent approximately $3.7 million on nearly 300 government leases covering 133,000 acres in 12 states. While Defendants represented to Plaintiffs and others that they were "keen to produce oil on the parcels" and were "that they were experienced oil and gas developers/producers" their subsequent dealings revealed a completely different strategy--to sell the leases to naive investors at grossly inflated prices after billing them as great investments on social media.

58.     Plaintiffs are informed and believe that Defendants may still be listed as the owner of the various "valuable oil and gas leases" purportedly assigned to Plaintiffs.

59.     As a result of the misrepresentations made to Plaintiffs, Plaintiffs paid Defendants $565,631.50

60.     Plaintiffs seek damages in an amount to be proven at trial but in no case less than $565,631.50.

61.     Plaintiffs are additionally entitled to punitive and exemplary damages as Defendants acted in malicious, oppressive, and fraudulent conduct whereby they intentionally deceived Plaintiffs into believing that they are investing into oil development, but, instead, were transferred worthless plots of land. Additionally, Defendants' unlawful misconduct was intentional in that they purchased plots from the US government in twelve states in an effort to further this illegal scheme. Thereby, Defendants additionally engaged in misconduct with a willful and conscious disregard of the Plaintiffs' rights and safety.

## SECOND CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

### (By All Plaintiffs Against all Defendants)

62.     Plaintiffs re-incorporate by reference and re-allege the preceding paragraphs, as though fully stated herein.

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

63.   Defendants represented that they were experienced oil and gas developers/producers and had valuable oil and gas leases for sale.

64.   Defendants represented that that they would provide geological surveys for certain oil and gas properties.

65.   Defendants further represented that they would assist Plaintiffs with starting an oil and gas company and would help them drill wells at a reduced cost compared to the market rates.

66.   Defendants represented that the leases that were to be sold to Plaintiffs would produce between 3,000 and 4,000 barrels of oil per day and that is what other properties nearby were producing.

67.   Plaintiffs relied on these representations in entering into the Assignment Agreements purportedly acquiring the mineral and oil rights to various "valuable oil and gas leases." Collectively, Plaintiffs paid Defendants $565,631.50 for the mineral and oil rights to various "valuable oil and gas leases."

68.   Defendants knew or should have known the representations were not true. Plaintiffs are informed and believe Defendants spent approximately $3.7 million on nearly 300 government leases covering 133,000 acres in 12 states. While Defendants represented to Plaintiffs and others that they were "keen to produce oil on the parcels" and were "that they were experienced oil and gas developers/producers" their subsequent dealings revealed a completely different strategy--to sell the leases to naive investors at grossly inflated prices after billing them as great investments on social media.

69.   Plaintiffs are informed and believe that Defendants may still be listed as the owner of the various "valuable oil and gas leases" purportedly assigned to Plaintiffs.

70.   As a direct and proximate result of the misrepresentations made to Plaintiffs, and Plaintiffs' reasonable reliance on those misrepresentations, Plaintiffs suffered in damages in an amount to be proven at trial, no less than $565,631.50.

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

PLAINTIFFS' COMPLAINT

## THIRD CAUSE OF ACTION

## BREACH OF WRITTEN, ORAL, AND IMPLIED CONTRACT

### (By All Plaintiffs Against all Defendants)

71.     Plaintiffs re-incorporate by reference and re-allege the preceding paragraphs, as though fully stated herein.

72.     Plaintiffs contracted with Defendants in three separate capacities:

a.  Plaintiffs entered into written contracts for the transfer of Defendants' land and land use rights;

b.  Plaintiffs entered into oral, written, and implied in fact contracts, that Defendants were to help Plaintiffs develop their land into a profitable oil and gas development. Namely, this aid was crucial and a material term to the purchase of the original aforementioned land and land use right purchase by Plaintiffs from Defendants.

c.  Defendants entered into an implied in fact, written, and oral contract in that Defendants were to provide consulting services to Plaintiffs in providing use of this land.

73.     Upon information and belief, Defendants materially breaches all such contracts as: (i) they failed to transfer over all vested rights in the subject properties and continued to remain the title holder of record; (ii) the Defendants had no actual knowledge and/or ability to provide the consulting services they promised; (iii) the Defendants provided no utility and/or aid in developing oil and gas plots; (iv) the Defendants' lands was, in reality, worthless and had no commercial value for oil and gas development.

74.     Plaintiffs did all, or substantially all, of the significant things that the contracts required, in that Plaintiffs paid Defendants the total sum agreed upon which was no less than $565,631.50.

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

75.    Plaintiffs were harmed in that the contracts they entered were merely a fraudulent scheme aimed at stealing Plaintiffs' money and delivering worthless plots of land that are incapable of commercial development for oil and gas use.

76.    Plaintiffs' breach of contract were a substantial factor in causing Plaintiffs' harm in that they suffered losses in an amount no less than $565,631.50.

## FOURTH CAUSE OF ACTION

### FEDERAL RICO 18 U.S.C. §§ 1962(a), (c), (d)

### (By All Plaintiffs Against all Defendants

77.    Plaintiffs re-incorporate by reference and re-allege the preceding paragraphs, as though fully stated herein.

78.    18 U.S.C. § 1962(a) makes it "unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."

79.    The Thang Enterprise is an "enterprise" within the meaning of 18 U.S.C. § 1961(4).

80.    Defendants' conduct constitutes a "pattern" of racketeering activity under 18 U.S.C. § 1961(5).

81.    At all times relevant hereto, Defendants received income derived from a pattern of racketeering activity to use or invest a part of such income or the proceeds therefrom in the establishment and operation of an enterprise that is engaged, or the activities of which affect, interstate or foreign commerce, in violation of 18 U.S.C. § 1962(a).

82.    Because of this pattern of racketeering activity, Plaintiffs sent substantial funds to Defendants for the purposes of purchasing homes.

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd. Suite 400
Los Angeles, CA 90024

83.     All Defendants agreed to and did use income received directly from a pattern of racketeering activity to control, establish, and operate the Thang Enterprise, which was engaged in and affected interstate commerce, including wire fraud as defined by 18 U.S.C. § 1343 and mail fraud as defined by 18 U.S.C. § 1341, for the unlawful purpose of intentionally defrauding Plaintiffs.

84.     The wire and mail fraud committed by Defendants is set forth in the preceding section and is incorporated by reference herein.

85.     As a direct and proximate consequence of the conduct of Defendants, Plaintiffs have been injured in their business and property, causing Plaintiffs to suffer monetary damages in an amount to be proven at time of trial.

86.     Because of Defendants' violations of 18 U.S.C. § 1962(a), Defendants are liable to Plaintiffs for three times the damages Plaintiffs have sustained, plus the cost of this suit, including reasonable attorneys' fees.

87.     18 U.S.C. § 1962(c) makes it "unlawful for any persons employed by or associated with any enterprise engaged or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."

88.     Each Defendant, at all relevant times, is and has been a "person" within the meaning of 18 U.S.C. § 1961(3) because each Defendant is capable of holding, and does hold, "a legal or beneficial interest in property."

89.     Defendants' activities include multiple acts of racketeering activity since 2020. Accordingly, Defendants' conduct constitutes a "pattern" of racketeering activity under 18 U.S.C. § 1961(5).

90.     Many such acts took place as alleged above when Defendant Thang and Levi Sap Nei Thang LLC committed mail fraud pursuant to 18 U.S.C. § 1341 by using the federal mails, in furtherance of the activities, purpose, and scheme of the Thang Enterprise,

THE LAW OFFICE OF ALEX FARZAN
10868 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

PLAINTIFFS' COMPLAINT

instructed the Plaintiffs, via electronic direct messaging and telephone, to make a wire transfer to an account designated by Defendant Thang in exchange for their property sales.

91. A second such act took place when Defendant Thang and Levi Sap Nei Thang LLC instructed Plaintiffs, via electronic messaging and telephone, to make a wire transfer in exchange for the property sales alleged above.

92. A third such act took place when Plaintiffs received from Defendants documentation through federal mail purporting to confirm purchase of leases that were never actually transferred.

93. Other such acts reinforcing this pattern of racketeering activity are described further herein.

94. At all relevant times hereto, each Defendant conducted and participated in the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

95. Defendants formed an association-in-fact, the "Thang Enterprise" within the meaning of 18 U.S.C. § 1961(4).

96. The Thang Enterprise consists of a group of "persons" associated together for the common purpose of intentionally and willfully defrauding Plaintiffs by creating and conducting a scheme to fraudulently lure other persons, including Plaintiffs, into purchasing grossly inflated oil and gas leases and providing seed money to fund the Thang Enterprise's repeatedly misrepresented process of acquiring additional repeatedly misrepresented leases to continue its fraudulent activities.

97. The Thang Enterprise is an ongoing organization that functions as a continuous unit. Defendants created The Thang Enterprise, and its subsidiary business entities, for use as a tool to effectuate Defendants' pattern of racketeering activity.

98. All Defendants agreed to and did conduct and participate in the conduct of the Thang Enterprise's affairs through a pattern of racketeering activity, including wire

fraud as defined by 18 U.S.C. § 1343 and mail fraud as defined by 18 U.S.C. § 1341, for the unlawful purpose of intentionally defrauding Plaintiffs.

99.     The wire fraud and mail fraud committed by Defendants is based on a scheme developed and carried out by the Thang Enterprise wherein Defendant Levi Sap Nei Thang and her associated business entities repeatedly abused interstate electronic communication services and the United States Postal Service to mislead Plaintiffs, lure Plaintiffs into fraudulent transactions, and deflect Plaintiffs' numerous legitimate requests for funds to be returned.

100.   Plaintiffs were deceived by these fraudulent communications.

101.   Defendants' fraudulent misrepresentations to Plaintiffs were made intentionally and with full knowledge of or opportunity to know all relevant facts.

102.   Defendants used text messaging, the United States Postal Service, and other electronic and real-world communications to carry out their scheme and conceal their ongoing fraudulent activities.

103.   At all times discussed herein, Defendants have been involved in a plan to scheme or defraud, have had the intent to defraud, and have willfully participated in the scheme to defraud with actual knowledge of its fraudulent nature and with specific intent to defraud; and could have reasonably foreseen that interstate wires and federal mails would be used; and actually used interstate wires and federal mails to further Defendants' scheme.

104.   The Thai Enterprise engaged in and affected interstate commerce by way of said wire and mail fraud.

105.   The wire transmissions and mailed documents were made in furtherance of Defendants' scheme and common course of conduct.

106.   To achieve their common goals, Defendants knowingly and willfully concealed from Plaintiffs and the public the unlawfulness of the Thang Enterprise's

THE LAW OFFICE OF ALEX FARZAN
10868 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

conduct, which was committed at the instruction and directions of Defendant Levi Sap Nei Thang.

107.    As a direct and proximate consequence of the conduct of each Defendant as alleged herein, Plaintiff was injured in its business and property, causing them to suffer monetary damages.

108.    Because of these violations of 18 U.S.C. § 1962(c), Defendants are liable to Plaintiff for three times the damages Plaintiff has sustained, plus the cost of this suit, including reasonable attorneys' fees.

109.    18 U.S.C. § 1962(d) makes it unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

110.    As alleged in the preceding sections, each Defendant, at all relevant times, is and has been a "person" within the meaning of 18 U.S.C. § 1961(3).

111.    At all relevant times, the Defendants each agreed to and did conspire to violate 18 U.S.C. §§ 1962 (a) and (c), as alleged above and incorporated herein, in violation of 18 U.S.C. § 1962(d). The object of this conspiracy has been and is to conduct or participate in, directly or indirectly, the conduct of the affairs of the enterprise described above; and to receive income derived from a pattern of racketeering activity and to use such income in the establishment and operation of that enterprise.

112.    Defendants have knowingly, willfully, and intentionally conspired and agreed to conduct and participate in the conduct of the affairs of the enterprise described previously through a pattern of racketeering activity by means of wire fraud and mail fraud.

113.    Defendants have knowingly, willfully and intentionally conspired and agreed to receive income derived from a pattern of racketeering activity by meanings of wire fraud and mail fraud, and to use such income or the proceeds of such income in the establishment and operation of the enterprise described previously.

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

PLAINTIFFS' COMPLAINT

114.    Defendants knew that their actions as alleged above were part of a pattern of racketeering activity and agreed to the commission of those acts to further the conspiratorial scheme described above.

115.    Defendants' conduct constitutes a conspiracy to violate 18 U.S.C. §§ 1962(c) and (a), in violation of 18 U.S.C. § 1962(d).

116.    As a direct and proximate consequence of the Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy and violations of 18 U.S.C. § 1962(d), Plaintiffs have been injured in their business and property, causing Plaintiffs to suffer monetary damages in an amount to be proven at the time of trial.

117.    Because of Defendants' violations of 18 U.S.C. § 1962(d), Defendants are liable to Plaintiffs for three times the damages Plaintiffs sustained, plus the cost of this suit, including reasonable attorneys' fees.

PLAINTIFFS' COMPLAINT

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd., Suite 400
Los Angeles, CA 90024

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, on all causes of action, for the following:

1.      general damages according to proof;

2.      special damages according to proof, but in an amount no less than $565,631.50;

3.      prejudgment interest;

4.      punitive damages;

5.      reasonable attorney's fees;

6.      costs of suit; and

7.      any other and further relief that the court considers proper.


Dated: May 31, 2023                    **THE LAW OFFICE OF ALEX FARZAN**


By: _____

        Alex Farzan, Esq.
        Attorney for Plaintiffs

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

PLAINTIFFS' COMPLAINT

## REQUEST FOR JURY TRIAL

Plaintiffs demand a jury to try all claims triable by a jury.

Dated: May 31, 2023                    **THE LAW OFFICE OF ALEX FARZAN**


By:

_____
     Alex Farzan, Esq.
     Attorney for Plaintiffs,

THE LAW OFFICE OF ALEX FARZAN
10866 Wilshire Blvd, Suite 400
Los Angeles, CA 90024

PLAINTIFFS' COMPLAINT